IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

———————————

| | | |
|---|---|---|
| Daniel L. Staley, #273165, | ) | C.A. #9:07-1833-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Nurse Ms. Gillmore; et al, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court upon the magistrate judge's recommendation that this action

be dismissed.  Because plaintiff is proceeding pro se, this matter was referred to the magistrate

judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate

judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole

or in part, the recommendations contained in that report.  28 U.S.C. § 636(b).  However, absent

prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court

to review the factual and legal conclusions of the magistrate judge.  Thomas v. Arn, 474 U.S. 140

(1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's

report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  Plaintiff filed  timely

———————————

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local
Rule 73.02 (DSC)., the magistrate judge is authorized to review all pretrial matters in such pro se
cases, and submit findings and recommendations to this Court.

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se
litigant must receive fair notification of the consequences of failure to object to a magistrate
judge's report before such a procedural default will result in waiver of the right to appeal.  The
notice must be sufficiently understandable to one in appellant's circumstances fairly to appraise

objections to the magistrate judge's report on July 25, 2007.

A review of the plaintiff's objections and the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report is incorporated into this order.

Plaintiff's objections fail to directly address the magistrate judge's report. Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636 (b)(1). Generally stated, nonspecific objections have the same effect as would a failure to object. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

Accordingly, this court agrees with the magistrate judge, and

**IT IS HEREWITH ORDERED** that the Complaint in this action is dismissed without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

August 6, 2007
Charleston, South Carolina

---

him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report

## **NOTICE OF APPEAL**

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.